UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

Civil File No. 05-1920 MJD/AJB

SCOTT MALCOLM and TIM MCGOUGH, as Trustees of
the Carpenters & Joiners Welfare Fund, Twin City
Carpenters Pension Master Trust Fund, Carpenters
and Joiners Apprenticeship and Journeymen Training
Trust Fund, and Twin City Carpenters Vacation Fund;
and each of their successors,

        Plaintiffs,

vs.

SABER CONSTRUCTION, INC. and
BRUCE JOHNSON, individually,

        Defendants.

**FINDINGS OF FACT,
CONCLUSIONS OF LAW, AND ORDER
FOR DEFAULT MONEY JUDGMENT**

This matter was heard before the undersigned on the 17th day of November, 2005. Pamela Hodges Nissen of McGrann Shea Anderson Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendants.

## FINDINGS OF FACT

1. Plaintiffs filed a Summons and Complaint in this matter on August 24, 2005. The service of the Summons and Complaint was accomplished on Defendants on August 24, 2005 and September 6, 2005.

2. Defendants have failed to file and serve a response or Answer to the Complaint.

3. Plaintiffs are trustees and fiduciaries of the above-referenced funds (the "Funds"). The Funds are multi-employer plans as defined by 29 U.S.C. § 1002(37).

SCANNED

NOV 2 2 2005

U.S. DISTRICT COURT MPLS

They are established to provide, *inter alia*, pension, health and welfare vacation benefits and training to employees doing carpentry work in the construction trades, and are maintained for the benefit of workers pursuant to a Collective Bargaining Agreement. All contributions must be made and all reports must be submitted to Wilson-McShane Corporation, 3001 Metro Drive, Suite 500, Bloomington, MN   55425, as the administrative agent designated by the Trustees.

4.      At all times herein, Defendants, through their execution of an Independent Agreement, have agreed to be bound to the terms of a Collective Bargaining Agreement between the Lakes and Plains Regional Council of Carpenters and Joiners and the Carpentry Contractors Association and the Minnesota Drywall and Plaster Association.

5.      The Collective Bargaining Agreement requires employers, such as Defendants, to contribute every month, not later than the fifteenth (15th) of the following month, such sums for Pension, Health and Welfare, Vacation, Dental, Apprenticeship, and Promotion Funds as they may be established, an amount for each hour worked by all employees covered by the Collective Bargaining Agreement. Each payment shall be accompanied by a report form as specified by the Trustees.

6.      Defendants breached their obligations under the Collective Bargaining Agreement by failing to timely submit the fringe fund reports and contributions due for the months of June, July, and August, 2005.

7.      The total amount due for fringe benefit contributions for the months of June, July, and August, 2005 was $41,897.95.

8.      The Collective Bargaining Agreement and Trust Agreements provide that an employer is liable for an additional 10% of all contributions, which are not timely

submitted, for liquidated damages, and also provides that Plaintiffs are entitled to their attorney fees and costs. The total amount due for liquidated damages for the months of June, July, and August, 2005 is $4,189.80.

9.     Defendants are entitled to a credit of $41,897.95 for three payments made, two on September 6, 2005 and the third on September 22, 2005.

10.    The Collective Bargaining Agreement provides that Plaintiffs are entitled to their reasonable attorney fees and costs of this action. The attorney fees and costs reasonably incurred by the Plaintiffs in the prosecution of their claims total $1,494.02.

## CONCLUSIONS OF LAW

1.     Defendants are in default, and Plaintiffs are entitled to Default Money Judgment.

2.     Defendants owe the Funds $4,189.80 for liquidated damages for the months of June, July, and August, 2005.

3.     Defendants owe $1,494.02 for attorney fees and costs.

## ORDER

**IT IS ORDERED**:

1.     That Plaintiffs' Motion for Default Money Judgment is granted.

2.     That judgment in the amount of $5,683.82 shall be entered against Defendants in favor of Plaintiffs.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: 11-17-05

BY THE COURT:

The Honorable Michael J. Davis
United States District Court Judge

221235.DOC